UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ALEJANDRA LOPEZ GALLEGOS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-00320 DAD SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  On January 23, 2026, District Judge Drozd granted Petitioner's motion for preliminary injunction and ordered Respondents to immediately release Petitioner from their custody on the same conditions that governed her release immediately prior to her re-detention.  ECF No. 10.  The order further enjoined and restrained Respondents from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner written notice and a pre-detention hearing before a neutral adjudicator and referred the matter to the undersigned for further proceedings.  Id.

After the undersigned denied Respondents motion for a 180-day stay of briefing, ECF No. 14, Respondents moved to dismiss the petition as moot in light of Petitioner's release.  ECF No. 15.  In the alternative, if the Court grants the petition, Respondents asked that it modify the terms of the preliminary injunction in any permanent injunction to clearly allow Petitioner's detention

1

should an executable final order of removal be issued.  Id.  Petitioner filed a reply opposing dismissal of the petition as moot because she "can be re-detained in violation of constitutionally adequate procedures."  ECF No. 16 at 1.  However, Petitioner does not oppose the language proposed by Respondents to be included with a permanent injunction.  Id.

For the same reasons identified in Judge Drozd's order granting Petitioner's motion for preliminary injunction (ECF No. 10), and consistent with his reasoning in Rocha Chavarria v. Chestnut, No. 1:25-cv-1755 DAD AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), the undersigned recommends that Petitioner's § 2241 petition be granted on its Fifth Amendment Right to Due Process Claim (Count 1).  Petitioner's claim is also not moot.  Absent an order finally adjudicating Petitioner's rights, Respondents could redetain him.  See Y.L.S. v. Santacruz, No. 5:25-cv-02927-CV-MBK, 2026 WL 734586 (C.D. Cal. Feb. 5, 2026) ("Respondents have ceased their allegedly unlawful conduct and released Petitioner—not of their own volition—but because the District Court ordered it.  But the District Court's TRO and preliminary injunction, by definition, afford no permanent relief.  If this case is dismissed as moot without further relief, Respondents will no longer be prohibited from re-detaining Petitioner without pre-deprivation process.").  The undersigned further recommends that the preliminary injunction be converted to a permanent injunction with Respondents' unopposed request for modification.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:

    a. Petitioner shall remain released from Respondents' custody on the same conditions that governed her release immediately prior to her re-detention on October 14, 2025; and

    b. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before a neutral adjudicator.

2.      In addition, any order adopting these findings and recommendations shall include

2

the following language:

    a.   "The government is not enjoined and restrained from detaining Petitioner in the event that an executable final order of removal is issued and the Petitioner receives notice of this order. In such an event, the government may detain Petitioner for the purpose of executing removal pursuant to the final order of removal."

    3.   Respondents' motion to dismiss (ECF No. 15) be DENIED.

    4.   The Clerk of the Court be directed to enter judgment in Petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3