UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ALEJANDRA LOPEZ GALLEGOS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,[1]<br><br>Respondents. | No.  1:26-cv-00320-DAD-SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS*, AND DENYING RESPONDENTS' MOTION TO DISMISS<br><br>(Doc. Nos. 1, 15, 17) |

Petitioner is a federal immigration detainee proceeding through counsel with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 20, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted and respondents' motion to dismiss that petition (Doc. No. 15) be denied.  (Doc. No. 17.)

---

[1]  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche, as acting Attorney General, automatically substitutes in place of respondent Pamela Bondi, and Markwayne Mullin, as Secretary of the Department of Homeland Security, automatically substitutes in place of respondent Kristi Noem.  Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.").

1

Specifically, the magistrate judge concluded that, pursuant to the reasoning set forth in the undersigned's order granting petitioner's motion for a preliminary injunction (Doc. No. 10) and *Rocha Chavarria v. Chestnut*, No. 1:25-cv-1755 DAD AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), the previously issued preliminary injunctive relief should be converted into a permanent injunction. (*Id.* at 2.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 3.) On May 25, 2026, respondents filed objections to the pending findings and recommendations which are comprised of a single sentence stating that respondents object for the reasons stated in their prior briefing. (Doc. No. 18 at 1.) These objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.[2]

For the reasons stated above,

1.  The findings and recommendations filed on May 20, 2026 (Doc. No. 17) are ADOPTED;

2.  Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

/////

/////

/////

/////

---

[2] The findings and recommendations also recommended that any order granting a permanent injunction should include language explicitly stating that the government is not prohibited from re-detaining petitioner if she becomes subject to a final order of removal. (Doc. No. 17 at 1–2.) However, the court declines to adopt any such language because it is unknown whether petitioner will be ordered removed and that may not occur at all. *Singh v. Chestnut*, No. 1:26-cv-01867-DAD-CSK, 2026 WL 1697065, at *1 (E.D. Cal. June 11, 2026) ("A court ordinarily ought not resolve issues involving contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks omitted).

2

       a.     Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or flight risk;

3.     Respondents' motion to dismiss (Doc. No. 15) is DENIED;

4.     The Clerk of the Court is directed to substitute Todd Blanche in place of respondent Pamela Bondi and substitute Markwayne Mullin in place of respondent Kristi Noem; and

5.     The Clerk of Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:   **June 29, 2026**                             

                                   DALE A. DROZD
UNITED STATES DISTRICT JUDGE